**No. 40056.**—Protest 920758–G of J. L. Hudson Co. (Detroit).

Opinion by KINCHELOE, J.   It was agreed that the merchandise consists of cloth in chief value of cotton with a wool content of 1.21 percent and that it contains no rayon waste.   Notwithstanding the absence of rayon waste in the cotton cloth in question the ruling in Abstract 39626 was held applicable and the protest was overruled.

BEFORE THE FIRST DIVISION, DECEMBER 12, 1938

**No. 40057.**—Protest 806812–G of Western States Importing Co. (San Francisco).

Opinion by SULLIVAN, J.   It was stipulated that the articles are in chief value of wood.   From the testimony and examination of the samples the court was convinced that these puzzles are not chiefly used for the amusement of children. They were therefore held not to be toys but dutiable at 33⅓ percent under paragraph 412 as claimed.

**No. 40058.**—Protests 766944–G, etc., of Bamboo & Rattan Works, Inc., et al. (New York).

Opinion by FIRST DIVISION.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, DECEMBER 12, 1938

**No. 40059.**—Protests 653187–G, etc., of I. Magnin & Co., Inc. (New York).

Opinion by TILSON, J.   From the record it was found that the merchandise is similar to that involved in *United States* v. *International Clearing House* (24 C. C. P. A. 117, T. D. 48416).   The claim under paragraph 1114 was therefore sustained.

**No. 40060.**—Protests 673696–G, etc., of Saks & Co., Inc. (New York).

Opinion by TILSON, J.   From the record it was found that the merchandise is similar to that involved in *United States* v. *International Clearing House* (24 C. C. P. A. 117, T. D. 48416).   The claim under paragraph 1114 was therefore sustained.

**No. 40061.**—Protest 780894–G of Bonwit Teller & Co. (Philadelphia).

Opinion by TILSON, J.   From the record it was found that the merchandise is similar to that involved in *United States* v. *International Clearing House* (24 C. C. P. A. 117, T. D. 48416).   The claim under paragraph 1114 was therefore sustained.